THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PACIFIC MARKET, INC., a Washington corporation, and PACIFIC MARKET INTERNATIONAL, L.L.C., a Washington limited liability company, collectively d/b/a PACIFIC MARKET INTERNATIONAL,<br><br>Plaintiffs,<br><br>vs.<br><br>THERMOS L.L.C., a Delaware limited liability company,<br><br>Defendant. | CIVIL ACTION NO. CV03-1261 JLR<br><br>**SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Pacific Market, Inc., and Pacific Market International, L.L.C., collectively d/b/a Pacific Market International, (hereinafter "PMI"), for its Second Amended Complaint against Defendant Thermos L.L.C. (hereinafter "Thermos"), allege as follows:

SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND
UNFAIR COMPETITION -1
CV03-1261 JLR

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

## THE PARTIES

1. PMI is a corporation of the State of Washington, having an address of 2125 Western Avenue, Suite 501, Seattle, WA 98121. Pacific Market International, L.L.C., is a limited liability company of the State of Washington, also having an address of 2125 Western Avenue, Suite 501, Seattle, WA 98121. Pacific Market, Inc. has assigned assets, including its intellectual property assets, to Pacific Market International, L.L.C.

2. On information and belief, Thermos is a Delaware limited liability company, having a business address of 2550 West Golf Road, Suite 800, Rolling Meadows, Illinois 60008.

## JURISDICTION AND VENUE

3. This civil action arises under the federal unfair competition laws of the United States, 15 U.S.C. § 1125(a) [Lanham Act §43(a)]; and under the Washington State Consumer Protection Act R.C.W. 19.86.020, et seq; and the common law. Thus, this Court has jurisdiction of this civil action under 28 U.S.C. §§ 1338(a) and 1338(b) and supplemental jurisdiction under 28 U.S.C. § 1367(a).

4. Venue with respect to the Defendant is properly laid in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. §1391(b)(1) because on information and belief the Defendant resides in the Western District of Washington within the meaning of 28 U.S.C. § 1397(c) and is doing business therein.

## FACTS COMMON TO ALL COUNTS

5. PMI is a manufacturer and wholesale distributor of thermally insulated drinkware, including the vacuum insulated bottles sold under the registered "STANLEY" mark shown in Exhibits A, and B attached hereto and referred to as the "Stanley Classic Tall Bottle," and the "Stanley Classic Wide Bottle" collectively and/or individually referred to hereinafter as the "Stanley Trade Dress").

SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND
UNFAIR COMPETITION -2
CV03-1261 JLR

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

6. PMI and its predecessors in interest have since at least as early as 1953 made, sold, and transported in interstate commerce, and throughout the State of Washington, millions of products featuring the Stanley Trade Dress. PMI's customers for these products include, among others, Target Stores.

7. PMI's Stanley Trade Dress is visually distinctive and is prominently displayed by PMI's wholesale customers to the purchasing public with and without packaging on display shelves, and is recognized by PMI's customers as indicia of source. PMI's use of the Stanley Trade Dress shown in Exhibits A and B has been exclusive and continuous and has resulted in the product configurations acquiring a secondary source – indicating significance with PMI's customers and potential customers. PMI and its predecessors in interest have extensively advertised the Stanley Trade Dress to its customers and potential customers.

8. PMI's Stanley Trade Dress comprises the overall look and feel of PMI's bottles as shown in Exhibits A, and B including:

    (1)    a base of constant diameter substantially throughout its length; and

    (2)    a body bearing a crinkled finish with a solid color; and at least one of the following additional elements:

        (a)    a top or cap with a color that contrasts with the color of the body;

        (b)    a top or cap and band at the base of the body bearing the appearance of a stainless steel finish;

        (c)    a band at the base of the body bearing the appearance of a stainless steel finish;

        (d)    a tapered or torpedo like overall look and appearance from bottom to top generated from the top or cap being a diameter that is less than the body; or

        (e)    a band at the base of the top or cap with a color that substantially matches the color of the body.

9. On information and belief, Thermos is a retail and wholesale distributor of steel and thermoplastic coffee mugs, thermal bottles, and beverage tumblers.

SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND
UNFAIR COMPETITION -3
CV03-1261 JLR

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

10. Thermos has, on information and belief, since at least as early as September 2002, offered to sell insulated bottles substantially identical in appearance to that shown in appended Exhibits C and D to the wholesale trade, including Target Stores, for retail sales as shown in Exhibit E, which is a true and accurate reproduction of a Target Stores newspaper advertisement.

11. On information and belief, at least as early as September 2002, Thermos has been engaged in the wholesale and retail sale of the insulated bottles shown in Exhibits C and D in this Judicial District. Exhibits C and D are true and accurate copies of photographs of the products sold by and distributed by Thermos in the State of Washington and in this judicial district. Thermos's products shown in Exhibits C and D are confusingly similar in external, nonfunctional appearance to the Stanley Trade Dress.

12. Thermos's products shown in Exhibits C and D were and still are, on information and belief, sold and offered for sale at a lower wholesale price than the Stanley Trade Dress. Therefore, on information and belief, Thermos has been well aware of the PMI's product configurations and the trademark significance thereof, and has willfully and intentionally copied the Stanley Trade Dress and palmed off its own products as identified in Exhibits C and D as those of PMI's in commerce regulated by Congress.

## COUNT I

## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

13. PMI repeats and realleges each and every allegation contained in the paragraphs above as if recited herein and to the extent not inconsistent herewith.

14. Thermos's unauthorized use of its products shown in Exhibits C and D has caused, is causing, and is likely to cause consumer confusion and mistake. Further, its use has deceived, is deceiving, and is likely to deceive others into believing that Thermos's bottles are sponsored by, approved by, or affiliated with PMI.

SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND
UNFAIR COMPETITION -4
CV03-1261 JLR

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

15.     Thermos's trade dress infringement constitutes an unfair or deceptive act or practice and an unfair method of competition in the conduct of trade or commerce, which will be injurious to the public interest, in violation of the Washington State Unfair Business Practices Consumer Protection Act, R.C.W. 19.86.020 et seq.

16.     Thermos's acts have been knowing, willful, and without PMI's prior knowledge or consent and have been intended to trade on PMI's goodwill in the State of Washington. Thermos's actions have damaged, and will continue to damage, PMI's market, reputation, and goodwill, in a manner and amount that cannot be fully measured or compensated in economic terms; and Thermos's actions have discouraged and will continue to discourage current and potential customers from dealing with PMI.  Such irreparable harm will continue unless Thermos's acts are restrained and/or enjoined during the pendency of this action and thereafter.

## COUNT II

## COMMON LAW UNFAIR COMPETITION

17.     PMI repeats and realleges each and every allegation contained in the paragraphs above as if recited herein and to the extent not inconsistent herewith.

18.     PMI has been exclusively and continuously using the Stanley Trade Dress in Washington and in interstate commerce since at least as early as 1953 for thermally insulated drinkware.

19.     Thermos's junior unauthorized use of the products identified in Exhibits C and D constitutes an attempt to palm off its goods as those of PMI by copying the Stanley Trade Dress and to compete unfairly with PMI, both of which have created, are creating, and are likely to create consumer confusion.  This conduct constitutes common law unfair competition.

SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION -5
CV03-1261 JLR

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON  98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

20. Thermos's acts have been knowing, willful, and without PMI's prior knowledge or consent and have been intended to trade on PMI's goodwill in the State of Washington. Thermos's actions have damaged, and will continue to damage, PMI's market, reputation, and goodwill, in a manner and amount that cannot be fully measured or compensated in economic terms; and Thermos's actions have discouraged and will continue to discourage current and potential customers from dealing with PMI. Such irreparable harm will continue unless Thermos's acts are restrained and/or enjoined during the pendency of this action and thereafter.

## COUNT III

## FEDERAL TRADE DRESS INFRINGEMENT

21. PMI repeats and realleges each and every allegation contained in the paragraphs above as if recited herein and to the extent not inconsistent herewith.

22. Thermos's products identified in Exhibits C and D are a false designation of origin, that have caused, are causing, and are likely to cause consumer confusion, which has led, is leading and will lead the consuming public to believe that there is an affiliation, connection, or association between the source of Thermos's products and the source of the Stanley Trade Dress.

23. PMI believes that it has been damaged, and will continue to be damaged, by such confusion as to affiliation, connection, or association of the type described.

24. Thermos's acts have been knowing, willful, and without PMI's prior knowledge or consent and are therefore a violation of the Plaintiff's rights under 15 U.S.C. §1125(a) [§ 43(a) of the Lanham Act].

SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION -6
CV03-1261 JLR

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**PRAYER FOR RELIEF**

WHEREFORE, PMI prays for the entry of a judgment by this Court against Thermos providing:

(a) That Thermos has violated the Washington State Consumer Protection Act, R.C.W. 19.86.020 et seq., and is palming off its goods as those of PMI's in violation of common law unfair competition;

(b) For an award of damages, together with interest, to compensate PMI for Thermos's past acts of unfair competition and misidentification of origin, and that such an award be trebled, and for an award to PMI of all of its costs and attorneys' fees with respect thereto in accordance with R.C.W. 19.86.090;

(c) That Thermos has violated § 43(a) of the Lanham Act;

(d) That Thermos, its respective agents, servants, employees, attorneys and all other persons in active concert or in participation with Thermos be preliminarily and permanently enjoined and restrained from making any false designation of origin which is likely to confuse the public, or cause mistake, or to deceive the public as to believing that there is an affiliation, connection or association of Thermos with PMI by virtue of any similarity between Thermos's thermal drinkware and PMI's thermal drinkware;

(e) For an award of damages in accordance with 15 U.S.C. § 1117(a) including all of Thermos's profits, the damages sustained by PMI, and the costs of the action including a trebling of such damages and that the Court determine that this is an exceptional case and award PMI its reasonable attorneys' fees; and

(f) For other and further relief as is provided by law and that this Court deems just and equitable.

SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND
UNFAIR COMPETITION -7
CV03-1261 JLR

**DORSEY & WHITNEY LLP**
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820

**JURY DEMAND**

PMI requests a jury trial on all issues so triable.

DATED this 8th day of September, 2004.

         DORSEY & WHITNEY LLP


         s/Shannon McMinimee_____
         PETER EHRLICHMAN WSBA #6591
         MARK S. CARLSON WSBA #17493
         SHANNON MCMINIMEE WSBA #34471
         U.S. Bank Centre
         1420 Fifth Avenue, Suite 3400
         Seattle, WA 98101-4010
         Telephone: (206) 903-8800
         Facsimile: (206) 903-8820


         BLACK LOWE & GRAHAM LLP
         MICHAEL J. FOLISE, WSBA #15276
         701 Fifth Avenue, Suite 6300
         Seattle, WA 98104
         Telephone: (206) 381-3300
         Facsimile: (206) 381-3301

         Attorneys for
         Pacific Market, Inc. and Pacific Market
         International L.L.C.; collectively d/b/a Pacific
         Market International

SECOND AMENDED COMPLAINT FOR TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION -8
CV03-1261 JLR
4847-6568-7296\1

DORSEY & WHITNEY LLP
U.S. BANK BUILDING CENTRE
1420 FIFTH AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101
PHONE: (206) 903-8800
FAX: (206) 903-8820